UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM E. LAUGHLIN, JR.,

                                        Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                                        Defendant.

Case No. 3:15-cv-05709-BHS-KLS

REPORT AND RECOMMENDATION

Noted for April 1, 2016

Plaintiff has brought this matter for judicial review of defendant's denial of his

application for supplemental security income (SSI) benefits. This matter has been referred to the

undersigned Magistrate Judge. *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28

U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned

recommends that the Court reverse defendant's decision to deny benefits and remand this matter

for further administrative proceedings.

                    FACTUAL AND PROCEDURAL HISTORY

On February 26, 2013, plaintiff filed an application for SSI benefits, alleging disability

beginning April 20, 2008. Dkt. 9, Administrative Record (AR), 10. That application was denied

on initial administrative review on April 18, 2013, and on reconsideration on August 13, 2013.

*Id.* On July 3, 2014, plaintiff, represented by counsel, appeared at a hearing held before an

Administrative Law Judge (ALJ) and testified, as did a vocational expert. AR 27-63. In a

decision dated August 22, 2014, that ALJ determined plaintiff to be not disabled. AR 10-22. On

REPORT AND RECOMMENDATION - 1

July 29, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner. AR 1; 20 C.F.R. § 416.1481. On October 6, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. Dkt. 3. The administrative record was filed with the Court on December 21, 2015. Dkt. 9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred in finding him to be capable of performing his past relevant work, as well as other jobs existing in significant numbers in the national economy. For the reasons set forth below, the undersigned agrees that the ALJ erred as alleged. Also for the reasons set forth below, however, the undersigned recommends the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

<u>DISCUSSION</u>

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.      The ALJ's Step Four Determination

        Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* At step four of the evaluation process, the ALJ found plaintiff to be capable of performing his past relevant work as a construction worker as that job was actually performed. AR 20. Plaintiff argues the ALJ erred in doing so. The undersigned agrees.

        Plaintiff has the burden at step four of showing he is unable to return to his past relevant

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

work. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Although the burden of proof lies with plaintiff, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). "This is done by looking at the 'residual functional capacity and the physical and mental demands' of the claimant's past relevant work." *Id.* at 844-45 (quoting 20 C.F.R. § 416.920(e)).

To be found not disabled at step four, the claimant must able to perform either "[t]he actual functional demands and job duties of a particular past relevant job; or . . . [t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id.* at 845. "This requires specific findings" on the part of the ALJ "as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.* (citing Social Security Ruling (SSR) 82-62, 1982 WL 31386).

At the hearing the vocational expert identified plaintiff's past relevant work as that of a construction worker II, which the vocational expert testified is rated by the Dictionary of Occupational Titles (DOT) as being very heavy work. AR 57 (citing DOT 869.687-026, 1991 WL 687635). The vocational expert further testified, however, that "as performed" by plaintiff, "it was at the light level, which would be modified work." *Id.* Plaintiff argues the ALJ's reliance on the vocational expert's testimony to find him to be capable of performing his past relevant work was erroneous, because the ALJ failed to resolve the discrepancy between that testimony and the description of the job of construction worker II contained in the DOT.

The ALJ may rely on vocational expert testimony that "contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). The ALJ, furthermore, has the affirmative responsibility to

REPORT AND RECOMMENDATION - 4

ask the vocational expert about possible conflicts between his or her testimony and information

in the DOT. *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999); SSR 00-4p, 2000 WL

1898704, at *1. Thus, before relying on evidence obtained from a vocational expert to support a

finding of not disabled, the ALJ is required to "elicit a reasonable explanation for any

discrepancy" with the DOT. *Haddock*, 196 F.3d at 1087; SSR 00-4p, 2000 WL 189704, at *1.

The ALJ also must explain in his or her decision how the discrepancy or conflict was resolved.

SSR 00-4p, 2000 WL 189704, at *4.

Defendant argues the ALJ met his responsibility under SSR 00-4p, by obtaining from the

vocational expert the explanation that he relied on plaintiff's testimony in characterizing his past

relevant work as light. But while this explains why the vocational expert characterized that work

as light, it sheds no light on why the vocational expert's testimony deviated from the description

of construction worker II job contained in the DOT. It therefore falls far short of the required

showing. *Pinto,* 249 F.3d at 846 ("In order for an ALJ to accept vocational expert testimony that

contradicts the [DOT], the record must contain 'persuasive evidence to support the deviation.'")

(external citation omitted).

Defendant further argues there is no inconsistency here, because while the DOT describes

how jobs are *generally* performed, the vocational expert only testified as to how the construction

worker II job was *actually* performed. The point, though, is that when asked to identify

plaintiff's past relevant work, the vocational expert identified the job of construction worker II.

Although it is true that the vocational expert went on to note that as performed by plaintiff it

would be at the light level, the vocational expert offered no explanation as to why he believed

that work properly is described as being a construction worker II job.

As plaintiff points out, furthermore, it is far from clear based on his testimony as to how

REPORT AND RECOMMENDATION - 5

he performed his past relevant work, that it can fairly be characterized as the job of construction

worker II or light work for that matter. For example, plaintiff testified that although he was hired

as a welder, he "just ended up cleaning up stuff on the ground" with a shovel. AR 36-37. He also

testified that he lifted no more than "five, 10 pounds." AR 37. The job of construction worker II

on the other hand requires performance of "any of the following tasks":

> erecting, repairing, and wrecking buildings and bridges; installing
> waterworks, locks, and dams; grading and maintaining railroad right-of-ways
> and laying ties and rails; and widening, deepening, and improving rivers,
> canals, and harbors . . . Digs, spreads, and levels dirt and gravel, using pick
> and shovel. Lifts, carries, and holds building materials, tools, and supplies.
> Cleans tools, equipment, materials, and work areas. Mixes, pours, and spreads
> concrete, asphalt, gravel, and other materials, using handtools. Joins, wraps,
> and seals sections of pipe. [Removes] forms from set concrete, filling
> expansion joints with asphalt, placing culvert sections in trench, assembling
> sections of dredge pipeline, removing wallpaper, and laying railroad track.

DOT 869.687-026, 1991 WL 687635. Light work requires lifting up to "20 pounds at a time with

frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). Lastly,

as plaintiff again points out, the construction worker II job is performed in a loud environment,

whereas the ALJ found plaintiff could not work in a noisy work setting. DOT 869.687-026, 1991

WL 687635. The failure to resolve this conflict constitutes reversible error as well.

II.     The ALJ's Findings at Step Five

        If a claimant cannot perform his or her past relevant work, at step five of the sequential

disability evaluation process the ALJ must show there are a significant number of jobs in the

national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir.

1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational

expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

        An ALJ's step five determination will be upheld if the weight of the evidence supports

the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir.

REPORT AND RECOMMENDATION - 6

1   1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's

2   testimony therefore must be reliable in light of the evidence to qualify as substantial evidence.

3   *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

4        At the hearing, the ALJ posed a hypothetical question to the vocational expert containing

5   substantially the same limitations as were included in the ALJ's assessment of plaintiff's RFC.

6   AR 57-58. In response to that question, the vocational expert testified that an individual with

7   those limitations – and with the same age, education and work experience as plaintiff – would be

8   able to perform the jobs of mail clerk (DOT 209.687-026, 1991 WL 671813), outside delivery

9   driver (DOT 230.663-010, 1991 WL 672160), and agricultural sorter (DOT 529.687-186, 1991

10  WL 674781). AR 58. Based on the vocational expert's testimony, the ALJ found plaintiff would

11  be capable of performing those jobs, and therefore performing other jobs existing in significant

12  numbers in the national economy. AR 21-22.

13       Plaintiff argues, and defendant concedes, that the ALJ erred in finding plaintiff to be

14  capable of performing the job of mail clerk, because it requires level 3 reasoning, while the ALJ

15  limited plaintiff to simple, routine, repetitive tasks, which is inconsistent therewith. AR 14; DOT

16  209.687-026, 1991 WL 671813; *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). The

17  undersigned also agrees with plaintiff that the ALJ erred in finding he could perform the job of

18  agricultural sorter, as that job – like the construction worker II job – is performed in a loud work

19  environment. DOT 529.687-186, 1991 WL 674781. Lastly, the undersigned also agrees the ALJ

20  erred in finding plaintiff could perform the outdoor delivery driver job, as it clearly requires at

21  least some social interaction, whereas the ALJ found plaintiff must work away from the public.

22  AR 14; DOT 230.663-010, 1991 WL 672160. Accordingly, the ALJ erred in finding plaintiff to

23  be capable of performing other jobs at step five as well.

REPORT AND RECOMMENDATION - 7

III.    <u>This Matter Should be Remanded for Further Administrative Proceedings</u>

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because it is not entirely clear as to whether plaintiff is able to return to her past relevant work or to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ improperly concluded plaintiff was not disabled, and that it reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with

REPORT AND RECOMMENDATION - 8

the findings herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **April 1, 2016**, as noted in the caption.

DATED this 15th day of March, 2016.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9